UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE S. PEGG,                    )        CASE NO. 5:08 CV 359
                                    )
          Plaintiff,                )        JUDGE SARA LIOI
                                    )
     v.                             )
                                    )        MEMORANDUM OF OPINION
OHIO PAROLE BOARD, *et al*.,         )        AND ORDER
                                    )
          Defendants.               )

On February 13, 2008, *pro se* plaintiff Maurice S. Pegg filed this action under 42 U.S.C. §1983 against the Ohio Parole Board and Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins. In the complaint, plaintiff alleges that he has been held an excessive amount of time on a parole violation. He seeks immediate release and monetary damages.

## Background

Mr. Pegg contends that he filed a lawsuit against Southern Ohio Correctional Facility staff members in 1983 and obtained a favorable verdict in 1986. Five years later, while out on parole, Mr. Pegg was arrested in Cincinnati, Ohio and charged with "offering to sell." At that time, Mr. Pegg had only three months left of his parole term. He was convicted of the

charges and was sentenced to 180 days in jail. He was also declared to be a parole violator. He believes he should have been sentenced to an additional two to three years. Mr. Pegg, however, has been incarcerated for the past seventeen years. He was given a parole hearing recently and was scheduled for release in September 2007. That parole decision was withdrawn after Mr. Pegg received a conduct ticket for breaking a window in the prison. Mr. Pegg contends that he had just learned that his son had died, and was trying to "get a phone call." (Compl. at 4.) He believes the decision to keep him incarcerated is based on the 1983 lawsuit.

### Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

Mr. Pegg seeks relief that cannot be granted against these defendants in a civil rights action. He first requests that the Court order his immediate release. When a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner cannot obtain an order for release from incarceration or relief from the duration of his sentence in an action filed under 42 U.S.C. § 1983. *Id.*

Mr. Pegg also seeks damages from the Ohio Parole Board. The Parole Board is an agency of the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Finally, Mr. Pegg seeks damages from ODRC Director Terry Collins. To the extent that he is sued in his official capacity, the Eleventh Amendment also bars liability. A suit against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Mr. Collins represents the ODRC which is a state agency. The suit against him in his official capacity is the equivalent to a suit against the State of Ohio.

To the extent that the claim is asserts against Mr. Collins in his individual capacity, it fails to state a claim upon which relief may be granted. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate Mr. Collins to any of the allegations set forth by plaintiff.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: May 13, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

_____

[2]        28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4